UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA TURNER ) | | |
| ) | Case Number | |
| **Plaintiff** ) | | |
| ) | CIVIL COMPLAINT | |
| vs. ) | | |
| ) | | |
| PORTFOLIO RECOVERY ) | | |
| ASSOCIATES, LLC ) | | |
| ) | JURY TRIAL DEMANDED | |
| **Defendant** ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Donna Turner, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Donna Turner, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in the District.

### III.  PARTIES

4. Plaintiff, Donna Turner, is an adult natural person residing at 4540 Sweet Bay Avenue, Melbourne, FL 32935. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with a registered office located at 2021 Arch Street, Philadelphia, PA 19103 and its principal place of business located at 2050 Adams Trail, Vernon Hill, VA 24597.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Plaintiff has been receiving calls from Defendant for over a year to her home phone number since approximately October, 2008.

8. Plaintiff has no business relationship with Defendant.

9. Calls are for Plaintiff's daughter, who does not reside with the Plaintiff and hasn't for many years.

10. Defendant places calls to Plaintiff from 8:00 am to 9:00 pm daily.

11. Defendant's contact to the Plaintiff violates the FDCPA.

12. Defendant's constant telephonic contact with the Plaintiff violates the TCPA.

13. On or about January 27, 2010, Plaintiff sent a "cease and desist" letter to the Plaintiff informing them that the person that they are calling does not reside at her address and for them to update their records to read as such.

14. Calls continued from the Defendant to the Plaintiff on the following days from the following numbers:

-February 8, 2010 / 757-961-3554

-February 9, 2010 / 757-961-3554

-February 11, 2010 / 757-961-3554

-February 12, 2010 / 731-215-8010

-February 13, 2010 / 731-215-8010

-February 14, 2010 / 620-662-8870

-February 16, 2010 / 757-961-3554

-February 17, 2010 / 757-961-3554

15. On or about February 18, 2010, Plaintiff received two additional calls from Defendant.

16. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

    §§ 1692b(1) Defendant's agents failed to state that they were confirming or correcting location information when contacting Plaintiff, a third party

    §§ 1692b(3) Defendant's agents contacted Plaintiff, a third party, more than once

    §§ 1692c(a)(1) Defendant's agents contacted Plaintiff at a time/place which should have been known to be inconvenient to Plaintiff;

    §§ 1692d Defendant's agents' conduct was harassing, oppressive and abusive toward Plaintiffs;

    §§ 1692d(5) Defendant's agents caused Plaintiff's phone to ring and engaged him in telephone conversation repeatedly

    §§ 1692fd(6) Defendant's agents failed to disclose their identity

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

## **COUNT II – TCPA**

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

26. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

 a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

 b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

 c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Portfolio Recovery Associates, LLC and Order the following relief:

 a. Actual damages;

 b. Statutory damages;

      c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

      d.      Treble damages.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: February 22, 2010**      **BY:** */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

*/s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney's for Plaintiff